# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PLA, LLC, Individually and on behalf of all others similarly situated, et al. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV78 |
| | § | (Judge Brown/Judge Bush) |
| ADVANCED NEUROMODULATION SYSTEMS, INC., et al. | § | |

## ORDER

On May 2, 2005, Electronic Trading Group, L.L.C. and West Palm Beach Police Pension Fund (collectively "ANSI Institutional Investor Group" hereafter "ANSI"), 1199 SEIU Greater New York Pension Fund ("1199"), and The Steamship Trade Association/International Longshoreman's Association and Marco Vitiello ("Steamship") filed separate motions requesting consolidation of three cases pending against Defendants, appointment as Lead Plaintiff, and appointment of Lead Counsel. By order dated May 16, 2005, the Court consolidated the three cases into the above titled and numbered cause of action, and set a hearing for June 8, 2005 on the remaining requests. On May 27, 2005, 1199 and Steamship filed notices withdrawing their motions for appointment as Lead Plaintiff and of Lead Counsel. Therefore, the only party presently requesting appointment as Lead Plaintiff and of Lead Counsel is ANSI. Furthermore, both 1199 and Steamship have notified the Court by phone that they no longer object to the appointment of ANSI as Lead Plaintiff nor to ANSI's selection of Lead Counsel.

Having considered ANSI's motion, memorandum, and other supporting evidence,

the Court is of the opinion that ANSI's motion seeking appoint as Lead Plaintiff and of Lead Counsel is meritorious and should be granted. ANSI appears to have suffered more than three times the losses of either of the other parties previously seeking appointment as Lead Plaintiff. ANSI thus has the largest financial interest in the relief sought by the class.

The Court further finds that, for present purposes, ANSI has made a sufficient showing of adequacy and typicality. ANSI is capable of fairly and adequately protecting the interests of the class, as is evidenced by the fact that there is no apparent dispute among class members that ANSI should be appointed Lead Plaintiff, as well as by the fact that ANSI has selected competent class counsel. ANSI meets the typicality requirement because, like other class members, ANSI purchased the securities at issue and suffered losses as a result. While the Court finds sufficient adequacy and typicality for the purposes of this ruling, the Court notes that Defendants do not concede that any party meets the adequacy or typicality requirements, and will consider any objections Defendants may have to adequacy and typicality when they are raised.

It is therefore ORDERED that ANSI is appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934. It is further

ORDERED that the law firms of Milberg Weiss Bershad & Schulman LLP and Entwistle & Cappucci LLP are appointed Co-Lead Counsel, and the law firm of Claxton & Hill PLLC is appointed Liaison Counsel. It is further

ORDERED that Co-Lead Counsel shall direct and control this litigation as counsel to the Lead Plaintiff and the proposed class and shall assume and exercise all of the powers and responsibilities permitted in this jurisdiction as counsel to the Lead Plaintiff and the proposed class. With respect to scheduling and/or procedural matters, Defendants' counsel may rely upon all agreements with Co-Lead Counsel. It is further

ORDERED that no pleadings or other papers shall be filed or discovery conducted by any Plaintiff except as directed or undertaken by Co-Lead Counsel. It is finally

ORDERED that service of any papers on Plaintiffs shall be deemed complete for all purposes when a copy is served on or by Co-Lead Counsel.

**SIGNED this 3rd day of June, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE